UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
KEVIN BENEFIELD,                                                   :
                                                                   :
                                        Plaintiff,                 :
                                                                   :          **INITIAL REVIEW**
              -against-                                            :              **ORDER**
                                                                   :
MACDOUGALL MEDICAL,                                                :          3:24-cv-01966 (VDO)
                                        Defendant.                 :
------------------------------------------------------------------ x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Kevin Benefield is a sentenced inmate in the custody of the Connecticut Department of Correction ("DOC"), housed at MacDougall-Walker Correctional Institution ("MacDougall").[1] He filed a *pro se* complaint under 42 U.S.C. § 1983 for violation of his federally protected rights. Compl., ECF No. 1. The Court dismissed Plaintiff's original and amended complaints without prejudice. *See* Order, January 21, 2025, ECF No. 12; Initial Review Order, ECF No. 23. But the Court permitted Plaintiff to file a Second Amended Complaint. *See* Initial Review Order, ECF No. 23. Plaintiff thereafter filed Second and Third Amended Complaints. *See* Sec. Am. Compl., ECF No. 24; Third Am. Compl., ECF No. 25.

Plaintiff's Third Amended Complaint completely replaces all previously filed complaints. *See Torres v. Connection, Inc.*, No. 3:22CV00883(SALM), 2023 WL 2477502, at *9 (D. Conn. Mar. 13, 2023). Accordingly, the Court will only consider the allegations

---

[1] The DOC website lists Plaintiff as a sentenced inmate currently serving a 60-year prison sentence at MacDougall. DOC, *CT Inmate Info*, https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=152458 (last visited May 12, 2025). The Court may take judicial notice of this website. *See*, *e.g.*, *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Taveras v. Semple*, No. 3:15CV00531(SALM), 2023 WL 112848, at *1 n.1 (D. Conn. Jan. 5, 2023) (taking judicial notice of Connecticut DOC inmate locator).

contained in the Third Amended Complaint in conducting its initial review of that complaint under 28 U.S.C. § 1915A(a). *Dinh v. Doe*, No. 3:24-CV-1042 (OAW), 2024 WL 3343006, at *3 (D. Conn. July 9, 2024) (noting that "[a]n amended complaint, if filed, will completely replace the original complaint, and the court will not consider any allegations made in the original complaint while evaluating any amended complaint").

I. **FACTUAL BACKGROUND**

Though the Court does not set forth all facts alleged in Plaintiff's Third Amended Complaint, it summarizes his basic factual allegations here to give context to its rulings below.

Plaintiff maintains in his Third Amended Complaint that a doctor at MacDougall prescribed medications to Plaintiff. Third Amend. Compl., ECF No. 25 at 1. Plaintiff went to St. Francis Hospital in July of 2024 after suffering a stroke. *See id.* The doctors at St. Francis Hospital told Plaintiff that the medications the MacDougall doctor prescribed to Plaintiff caused him to have a stroke. *Id.* Plaintiff then went to the hospital at UConn, where a "so called doctor" disagreed that the medications caused Plaintiff to have a stroke. *Id.* But this doctor has yet to tell Plaintiff what caused the stroke. *Id.* Prison officials were to send Plaintiff back to UConn for therapy, but they have not done so. *Id.* Plaintiff is taking only one of the medications originally prescribed to him, and his blood pressure is now "o.k." *Id.* Plaintiff alleges that the MacDougall doctor overprescribed medication to Plaintiff because doctors at MacDougall "get paid on the amount of medications they give out." *Id.*

II. **LEGAL STANDARDS**

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The Court has thoroughly reviewed all factual allegations in the Third Amended Complaint and conducted an initial review of the allegations therein under 28 U.S.C. § 1915A.

## III. DISCUSSION

"[T]he submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest.*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted; emphasis original). Construing Plaintiff's Third Amended Complaint under this standard, the Court interprets this complaint as alleging a claim against the MacDougall doctor who overprescribed medication to Plaintiff, causing him to have a stroke. The Court also construes the Third Amended Complaint as alleging a claim against MacDougall prison officials for their failure to send him to UConn for therapy after Plaintiff had his stroke. The Court considers each claim in turn.

### A. The prison doctor's overprescription of medication

First, Plaintiff alleges that a MacDougall doctor overprescribed medication to him, resulting in Plaintiff having a stroke. Third Amend. Compl., ECF No. 25 at 1. Courts have construed complaints containing similar allegations as asserting a claim for deliberate indifference to medical needs under the Eighth Amendment. *See, e.g., Collins v. Feder*, No. 3:23-CV-71 (OAW), 2023 WL 4551421, at *2 (D. Conn. July 14, 2023) (construing prisoner's complaint "to assert an Eighth Amendment claim for deliberate indifference to medical needs based on [prison medical staff's] provision of an incorrect medication").

To establish that Plaintiff's doctor at MacDougall was deliberately indifferent to Plaintiff's serious medical needs under the Eighth Amendment, Plaintiff must allege facts satisfying both objective and subjective requirements. The objective requirement requires a plaintiff to show that his medical need was sufficiently serious (*i.e.*, Plaintiff must have suffered from an urgent medical condition involving a risk of death, degeneration, or extreme pain). *See Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The subjective requirement requires a plaintiff to show that a defendant acted recklessly (*i.e.*, with an actual awareness of a substantial risk that serious harm to the prisoner would result from defendant's action or inaction). *See Spavone*, 719 F.3d at 138. Prison officials must "know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Tangreti v. Bachmann*, 983 F.3d 609, 619 (2d Cir. 2020).

Generally, an inmate's disagreement with a course of medical treatment is insufficient, by itself, to state an Eighth Amendment deliberate indifference claim. *See Estelle v. Gamble,* 429 U.S. 97, 107–08 (1976) (rejecting deliberate indifference claim where plaintiff challenged treatment decisions rather than failure to provide treatment); *Chance v. Armstrong,* 143 F.3d 698, 703 (2d Cir. 1998) (noting that "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim" and that "negligence, even if it constitutes medical practice, does not, without more, engender a constitutional claim"). Accordingly, courts have rejected Eighth Amendment deliberate indifference claims that, like Plaintiff's, alleged that medical staff provided unnecessary treatment. *See, e.g.*, *Mitchell v. Schauer,* No. 3:23-CV-896 (JAM), 2024 WL 1973434, at *4 (D. Conn. May 3, 2024)

(concluding that an "allegation about unnecessary medication constitutes a disagreement about treatment, which is . . . not cognizable under the Eighth Amendment"); *Oh v. Saprano*, 2020 WL 4339476, at *9 (D. Conn. 2020) (dismissing prisoner's claim that he was prescribed unnecessary vitamins because the allegations rested on "a simple disagreement about a course of treatment with a medical provider").

But, as an exception to this general rule, the Second Circuit has recognized that prison medical staff may be deliberately indifferent to a prisoner's medical needs if medical staff "recommended an unnecessary course of treatment . . . . not on the basis of their medical views, but because of monetary incentives." *Chance*, 143 F.3d at 700, 704 (reversing dismissal of Eighth Amendment deliberate indifference claim alleging that MacDougall dentist unnecessarily extracted inmate's teeth because dentist "would have been paid extra for the extractions" and "was planning to give some of the money" to another prison dentist). The *Chance* court reasoned that an "allegation of ulterior motives, if proven true, would show that the defendants had a culpable state of mind and that their choice of treatment was intentionally wrong and did not derive from sound medical judgment." *Id.* at 704.

Plaintiff's allegations that his prison doctor overprescribed Plaintiff medicine, standing alone, would not constitute an Eighth Amendment claim for deliberate indifference. *See, e.g.*, *Mitchell*, 2024 WL 1973434, at *4. But Plaintiff's additional allegation that his doctor at MacDougall overprescribed medication to Plaintiff because MacDougall doctors "get paid on the amount of medications they give out," Third Am. Compl., ECF No. 25 at 1, suggests an ulterior motive sufficient to withstand summary dismissal, even if Plaintiff "has no proof whatsoever of this improper motive" and "even if [the Court] think[s] it highly unlikely that

5

[Plaintiff] will be able to prove his allegations[.]" *See Chance*, 143 F.3d at 704. Accordingly, this claim may proceed to service against Plaintiff's doctor at MacDougall.

### B. Delay in therapy at UConn Hospital

Plaintiff also maintains that "they" were to "send [Plaintiff] to U-Conn hospital for therapy and it[']s been 9 months and [he] ha[s] not went there yet." Third Am. Compl., ECF No. 25 at 1. "Although a delay in medical care can demonstrate deliberate indifference to a prisoner's medical needs, a prisoner's Eighth Amendment rights are violated only where the defendant 'knowingly or intentionally' delayed medical treatment." *Burns v. Lupis*, No. 3:23-CV-23 (KAD), 2023 WL 1801704, at *4 (D. Conn. Feb. 7, 2023). Setting aside that Plaintiff does not identify who has delayed his medical treatment to establish personal involvement in the alleged constitutional violation, *see Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (stating "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983"), Plaintiff does not allege that prison officials knowingly or intentionally delayed his therapy at UConn. Accordingly, this claim must be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

### IV. <u>ORDERS</u>

For the reasons set forth above, the Court enters the following orders:

(1) Plaintiff may proceed on his Eighth Amendment deliberate indifference to serious medical needs claim for damages against his doctor at MacDougall. All other claims are **DISMISSED** without prejudice, and all other defendants are terminated.

(2) The remaining defendant is Plaintiff's doctor at MacDougall. But Plaintiff does not identify this doctor in his Third Amended Complaint. The Court cannot serve unidentified

6

defendants. Thus, if Plaintiff seeks damages from his doctor at MacDougall, he must file a notice with the Court **on or before July 17, 2025** indicating the name of this doctor and the doctor's current work address. Once received, the Court will serve the doctor with the Third Amended Complaint and this Order. Failure to file a timely notice identifying the doctor by name and providing the Court with the doctor's work address will result in dismissal of all claims against the doctor.

(3) **The Clerk shall** send a courtesy copy of the complaint and this order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(4) **The Clerk shall** send Plaintiff a copy of this Order.

(5) If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(d)(1) provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write **PLEASE NOTE MY NEW ADDRESS** on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify Defendants or the attorney for Defendants of his new address.

(6) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. Plaintiff is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on Defendants' counsel by regular mail.

**SO ORDERED.**

Hartford, Connecticut
June 17, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge